■ In the Matter of GEORGE NINOS, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF CAZENOVIA et al., Appellants.— Yesawich, Jr., J.

In this tax certiorari proceeding, petitioner sought to have assessments on his home for the tax years 1982 and 1983 reduced to $120,000. Respondents had assessed the property at $200,000. The parties' appraisers agreed that residential use was the highest and best use of the property. Petitioner's expert, relying on the market data approach, concluded that the fair market value was $120,000. Respondents' expert, also employing the market approach and utilizing the reproduction costs technique as a check, found the property to be worth $175,000. The Judicial Hearing Officer, without stating reasons, reported that the property's value was $155,000. On petitioner's motion, Special Term confirmed the report. We affirm.

There is ample evidence in the record to support a finding that petitioner's property had been overassessed by $45,000 for the tax years in issue. There was credible testimony that one of the comparable sales, heavily relied upon by petitioner's appraiser, was a "mirror image" home, located but three lots from petitioner's, built by the same builder, from the

same blueprints which, though slightly smaller, was exactly the same home in every respect, structurally and architecturally. The consideration for that sale, made in May 1979, was $135,000. In the opinion of petitioner's expert, because the sale property was in better condition than the subject, a negative adjustment to the subject of 5% was appropriate. Without more, this sale, coupled with the time adjustment testified to by respondents' appraiser, provides sufficient basis for the revised assessment of $155,000.

In view of the otherwise complete record here and our findings as noted, we deem it unnecessary to remit this case to insure compliance with the requirement imposed by Real Property Tax Law § 720 (2) that "the decision or final order of the court finding the value of the property and the proper assessment thereof shall contain the essential facts found upon which the ultimate findings of facts is made" (id.; see, Matter of Metropolitan Life Ins. Co. v Tax Commn., 53 NY2d 1050, 1052; Matter of Branch Motor Express Co. v Tax Commn., 80 AD2d 766).

Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.